[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISSOLVE PROPERTY EXECUTION
CT Page 2129
On December 14, 1993, Robin W. Waller, Commissioner, Workers' Compensation Commission, Eighth District, issued a ruling concerning an October 27, 1993 hearing involving a claim by a George Upton against Thames Permacrete, EBI Insurance Company, Courville's Garage, Inc., American Mutual Liability Insurance (hereinafter "American"), the Second Injury Fund and others.
Commissioner Waller found that on June 12, 1992, he had ordered Courville's Garage and American to reimburse Thames Permacrete and EBI Insurance 50% of certain payments for indemnity and medical benefits ($13,132.42) and that Courville's Garage and American failed or were unable to pay Additionally, he found that as they did not pay, EBI Insurance had paid pursuant to General Statutes § 31-299b. Accordingly, he found and ordered the Second Injury Fund to pay the $13,132.42 to Thames Permacrete and EBI Insurance pursuant to General Statutes §31-355. The Second Injury Fund did not appeal the ruling and in February 1996, Thames Permacrete and EBI Insurance Company sought to execute on the Second Injury Fund and served an execution on April 8, 1996. The Fund, through Christopher Burnham, the Treasurer of the State of Connecticut, has now moved to dissolve the execution arguing that (1) the Fund and/or the Treasurer are immune under the doctrine of sovereign immunity, (2) that the plaintiffs herein have failed to exhaust their administrative remedies by filing a claim with the Claims Commissioner and (3) that General Statutes § 31-355 (e) creates a statutory remedy which the plaintiffs have failed to follow.
II.
General Statutes §§ 31-354-55 set forth the statutory framework for the Second Injury Fund with § 31-355 providing the mechanism for payments from the Fund. Section 31-355 allows the treasurer to contest payment by filing a notice with the Commissioner and if not so filed, "the treasurer shall be conclusively presumed to have accepted the compensability of such alleged injury . . . from the Second Injury Fund and shall have no right thereafter to contest the employee's rights to receive compensation on any grounds or contest the extent of the employee's disability." The record before this court does not indicate whether such a notice was filed. General Statutes §31-300 does provide an appeal procedure from the Commissioner's CT Page 2130 decision and it is conceded that the Second Injury Fund and/or the treasurer did not appeal. The relevant portion of that statute states that "[i]f no appeal from his decision is taken by either party within ten days thereafter, such award shall be final and may be enforced in the same manner as a judgment of the Superior Court." General Statutes § 31-300.
This court is not persuaded by either of the movant's first two arguments. The legislative scheme surely indicates a waiver of sovereign immunity and the ability to collect against the Fund. See, General Statutes § 31-355 (b). The case of Herzigv. Harrigan, 34 Conn. App. 816 (1994), cited by the Fund, is inapposite to this matter as that case dealt with an "ordinary" judgment creditor's attempt to execute against the debtor/lotto winner's future payments. The court held that there was no specific statutory abrogation of the doctrine. Id., 822.
The third argument, however, is more persuasive. General Statutes § 31-355 (e) states:
 (e) Notwithstanding the provisions of subsections (a) to (d), inclusive, of this section, whenever the employer's insurer has been determined to be insolvent, as defined in section 38a-838 payments required under this section shall be the obligation of the Connecticut Insurance Guaranty Association pursuant to the provisions of sections 38a-836 to 38a-853, inclusive.
The Fund argues that as American Mutual, the employer's insurer, had been determined to be insolvent, the Fund was never obligated to make the payments as the payments were, by statute, the obligations of the Connecticut Insurance Guaranty Association. This court agrees. The parties have stipulated that American Mutual was found to be insolvent and that evidence of this fact was presented to Commissioner Waller at the hearing on October 27, 1993. They have also noted that Commissioner Waller was advised that the Connecticut Insurance Guaranty Association had taken over the processing of the claim.
The word "whenever" has been defined in Black's Law Dictionary, 6th Edition (1990) as "at whatever time." A similar definition is found in the New Expanded Webster's Dictionary, 1991 Edition. Our Supreme Court has consistently said that "in interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual CT Page 2131 sense unless the context indicates that a different meaning was intended." Caldor Inc. v. Heffernan, 183 Conn. 566, 570 (1981). There is nothing to suggest a different meaning should be used here. Notwithstanding that the treasurer/Fund did not file a notice contesting the liability or appeal the decision, any payments required to be paid were, at the time of the decision, never the obligation of the Fund. The motion to dissolve the property execution is therefore granted.
Berger, J.